**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| MARYANN RUSH | : | |
| 3314 Chippendale St. | : | |
| Philadelphia, PA 19136 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO.:_____ |
| v. | : | |
| | : | |
| WEST GERMAN MOTORS IMPORT, INC. | : | **JURY TRIAL DEMANDED** |
| *d/b/a* WEST GERMAN BMW | : | |
| 500 Pennsylvania Ave. | : | |
| Fort Washington, PA 19034 | : | |
| | : | |
| Defendant. | : | |

_____:

## CIVIL ACTION COMPLAINT

Maryann Rush (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      This action has been initiated by Plaintiff against West German Motors Import, Inc. d/b/a West German BMW (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), and the Pennsylvania Human Relations Act ("PHRA").[1]

2.      Plaintiff asserts, *inter alia*, that she was discriminated against and unlawfully terminated by Defendant.  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

_____

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter. Plaintiff's PHRA claims will mirror identically her federal claims under the ADA.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where they are subjected to personal jurisdiction, rendering Defendant resident of the Eastern District of Pennsylvania.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      West German Motors Import, Inc. d/b/a West German BMW is a car dealership at which Plaintiff was hired through and worked at the location at the above captioned address.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

**FACTUAL BACKGROUND**

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.      Plaintiff was employed by Defendant from in or about June 17, 2019 until her unlawful termination (as discussed *infra*) on or about July 16, 2020.

12.      During her tenure, Plaintiff performed administrative duties, including but not limited to the duties of a title clerk.

13.      Throughout her employment with Defendant, Plaintiff was a hard-working employee who performed her job well; however, Plaintiff had never worked in the automotive or title business, so Defendant's management knew and expected that it would take some time for Plaintiff to become trained and learn her job role.

14.      During the entire length of Plaintiff's employment, she was supervised by Randi Nilsen (*hereinafter* "Nilsen").

15.      While Nilsen was not the most welcoming manager, she did inform Plaintiff in or about October of 2019, when she inquired about her longevity with the company (as Plaintiff was debating on filing for retirement with a job that Plaintiff had with the City of Philadelphia and wanted to make sure her job with Defendant would be long term), that she/the company wanted Plaintiff to stay and that she was happy with Plaintiff's work.

3

16.     As a result, Plaintiff submitted her retirement with the City of Philadelphia and rejected an offer to interview as a 911 operator with the city (as Plaintiff believed her position with Defendant was secure based upon Nilsen's representations).

17.     Plaintiff has and continues to suffer from Crohn's disease. Plaintiff was also diagnosed with viral skin cancer in or about October of 2019.

18.     As a result of her aforesaid health conditions, Plaintiff (at times) is limited in her ability to perform some daily life activities including breathing, moving, sleeping, standing, and bending.

19.     Despite her aforesaid health conditions and limitations, Plaintiff was able to perform the duties of her job well with Defendant; however, she did require reasonable medical accommodations at times (discussed further *infra*).

20.     In or about the beginning of 2020, Plaintiff apprised Defendant's management of her  health conditions and underwent surgery on her leg (related to Plaintiff cancer diagnosis).

21.     Plaintiff then took time off related to her surgery and continued to take intermittent time off to care for and treat for her health conditions in the months following Plaintiff's surgery.

22.     In response to disclosing Plaintiff's health conditions and need for reasonable accommodations under the ADA, Plaintiff was met with severe hostility and animosity from Nilsen, including but not limiting to making negative comments about Plaintiff's need for time off.

23.     For example, when Plaintiff needed to take a day off or come in late to care for or treat for Plaintiff's health conditions, Nilsen would say "Again with this crap?" and "You're going to be late again?" She would also make comments such as that Plaintiff felt she needed special treatment or that Defendant was *always* accommodating Plaintiff.

24.     In or about March of 2020, Defendant closed due to the Covid-19 pandemic. In or about April of 2020, Defendant re-opened and Plaintiff returned to work.

25.     Plaintiff continued to have doctor's appointments to treat for her health conditions after returning in April of 2020; however, Plaintiff was too scared to take much time off due to Nilsen's constant harassment.

26.     Plaintiff thus took approximately 2 days off between when she returned in April of 2020 and when she was ultimately terminated on July 16, 2020, including a day in July of 2020.

27.     Plaintiff continued to be harassed for taking time off as a result of her health condition and was faced with comments such as "How long is this going to continue?" Plaintiff was also subjected to pretextual discipline shortly after taking intermittent time off.

28.     In addition to making negative comments about Plaintiff's need for intermittent time off (as a reasonable accommodation under the ADA), Nilsen also spoke to other employees about Plaintiff's health and accommodation needs.

29.     Plaintiff thus expressed to Nilsen that Plaintiff did not like the way she spoke about Plaintiff's health conditions or that she spoke to other employees about Plaintiff's disabilities. Plaintiff also complained to Robert Cesarini (VP/General Manager) about Nilsen's discriminatory behavior and her sharing Plaintiff's health information with staff.

30.     Despite Plaintiff's aforesaid complaints, no proper measures were taken to remedy the situation and Plaintiff continued to be harassed and retaliated against by Nilsen.

31.     On or about July 16, 2020, Plaintiff was brought into a meeting and terminated by Nilsen for allegedly failing to follow instructions – which is completely pretextual. However, two weeks prior to Plaintiff's termination, Plaintiff had noticed that her job had been posted on

Indeed.com. When Plaintiff questioned Nilsen about it, she told Plaintiff that it was none of her business.

32.     Plaintiff believes and therefore avers that she was subjected to a hostile work environment, issued pretextual discipline, and terminated from Defendant because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations; (4) Defendant's failure to properly accommodate her; and/or (5) in retaliation for requesting reasonable accommodations.

**COUNT I**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Failure to Accommodate; and [4] Hostile Work Environment)**

33.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34.     Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including breathing, moving, sleeping, standing, and bending.

35.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable accommodations at times.

36.     Plaintiff kept Defendant's management informed of her serious medical conditions and reasonable accommodations.

37.     Defendant's failed to accommodate Plaintiff's reasonable requests relating to her health conditions, and Plaintiff was abruptly terminated from Defendant shortly after requesting/utilizing reasonable accommodations.

38.     Plaintiff believes and therefore avers that she was subjected to a hostile work environment, issued pretextual discipline, and terminated from Defendant because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations; (4) Defendant's failure to properly accommodate her; and/or (5) in retaliation for requesting reasonable accommodations.

39.     These actions aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

40.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41.     Plaintiff became an eligible employee under the definitional terms of the FMLA during her last month of employment, 29 U.S.C. § 2611(a)(i)(ii).

42.     Plaintiff requested leave from Defendant, her employers, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

43.     Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment.[2]

44.     Defendant is engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

---

[2] *Bowyer v. Dish Network, LLC*, Civil Action No. 01-1496, 2010 U.S. Dist. LEXIS 14680, at * 29 (W.D. Pa. Feb. 19, 2010) (holding all intermittent periods of employment must be considered in the aggregate as to the 1-year employment requirement, as such time by an employee need not be continuous to afford FMLA protection); *Cox v. True N. Energy, LLC*, 524 F. Supp. 2d 927, 938-40 (N.D. Ohio 2007) (holding any argument by a defendant that the 1-year service requirement must be continuous under the FMLA is meritless); *Bell v. Prefix, Inc.*, 422 F. Supp. 2d 810, 813 (E.D. Mich. 2006) (holding that "[t]he plain language of the statute does not . . . support defendant's contention that the 12 months must be continuous"); *Rucker v. Lee Holding Co.*, 471 F.3d 6, 13 (1st Cir. 2006) (same); *Lange v. Showbiz Pizza Time*, 12 F. Supp. 2d 1150, 1153 n.1 (D. Kan. 1998) ("According to the regulations implementing the FMLA,. . .the twelve months 'need not be consecutive months.'").

45.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis and Plaintiff requested FMLA-qualifying leave.

46.     Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate her; (3)  terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; (4) by making negative comments and/or taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA.

47.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to

punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

        D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

        E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

        F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

        G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                            Respectfully submitted,

                            **KARPF, KARPF & CERUTTI, P.C.**

        By:    _____
                          Ari R. Karpf, Esq.
                          3331 Street Road
                          Two Greenwood Square
                          Building 2, Ste. 128
                          Bensalem, PA 19020
                          (215) 639-0801

Dated:  February 22, 2021

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Maryann Rush                                :          CIVIL ACTION

v.                                :

West German Motors Import, Inc. d/b/a West German BMW          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

2/22/2021

| Date | Attorney-at-law | Attorney for   Plaintiff |
|---|---|---|
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___3314 Chippendale Street, Philadelphia, PA 19136_____

Address of Defendant: ___500 Pennsylvania Avenue, Fort Washington, PA 19034_____

Place of Accident, Incident or Transaction: ___Defendant's place of business_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___2/22/2021_____  _____  ___ARK2484 / 91538___
                                      *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| A. | Federal Question Cases: | B. | Diversity Jurisdiction Cases: |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify)*: _____ |
| ☒ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify)*: _____ |
| ☐ 11. | All other Federal Question Cases | | |
| | *(Please specify)*: _____ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ___2/22/2021_____  _____  ___ARK2484 / 91538___
                                      *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

RUSH, MARYANN

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

**DEFENDANTS**

WEST GERMAN MOTORS IMPORT, INC. D/B/A WEST GERMAN BMW

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| 1 | U.S. Government Plaintiff | **X** 3 | Federal Question *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*      Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | 370 Other Fraud | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | **X** 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **X** 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File | |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

**VII. REQUESTED IN COMPLAINT:**

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $      CHECK YES only if demanded in complaint:

JURY DEMAND:   **X** Yes   No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*

JUDGE        DOCKET NUMBER

DATE    2/22/2021      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

| Print | Save As... | Reset |
|---|---|---|